BAKER E. MARTIN *et al.*

*v.*

ANDREW J. FIELD.

*Filed at Springfield November 1, 1890.*

VENDOR'S LIEN—*satisfaction—burden of proof.* Where the purchaser of land on which a vendor's lien is expressly reserved, conveys the property to the wife of the vendor, the mother-in-law of the purchaser, and she surrenders his note to him, and this is relied on as a discharge of the debt and lien, the burden of proof will rest on such purchaser to show, by a preponderance of the evidence, that the original vendor agreed to accept the deed to his wife in discharge of the lien.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for the plaintiffs in error.

Mr. O. T. THOMPSON, Mr. E. P. KIRBY, and Mr. C. A. BARNES, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court :

This was a bill in equity, brought by Andrew J. Field, against Baker E. Martin and others, to enforce a vendor's lien on a certain lot in Jacksonville. It appears from the evidence, that in 1879 the complainant, Field, sold the lot in controversy to Martin, for $1000 ; that Martin paid on the property $200, and executed and delivered to Field his note for $800, due in five years, with interest at eight per cent, which was secured by a vendor's lien reserved in the deed under which the property was conveyed. The $800 note was passed over from Field to his wife, who retained the custody of it until it was returned to Martin. The note was never paid, nor was any interest paid upon it. Soon after the sale of the lot, Field removed to Kansas City. In February, 1880, he returned, and by agreement between him and Martin, an addition was built to the house, and both families lived in the house. Mrs. Martin was a daughter of Mrs. Field by a former marriage. In April, 1880, a deed was made of this land by Martin and wife to Mrs. Field, and delivered to her, but was not put on record. Later on, in August, 1880, Field expressed dissatisfaction with the deed, when another deed was made by Martin and wife, conveying the land to Mrs. Field for her life and the life of her husband. This deed was delivered to Mrs. Field, and was duly recorded in January, 1881. The note for $800 was surrendered by Mrs. Field to Martin at that time. Both families after this, in 1882, removed west, and remained there three or four years, when they returned to Illinois, and remained here until the death of Mrs. Field, in April, 1887.

Thus far there is no substantial disagreement between the parties in regard to the facts. Martin and his wife both testified that the last deed heretofore mentioned was made under an agreement with Field that it should be accepted in satisfaction of the $800 note, and the note was at the time surrendered, while, on the other hand, Field testified that he made no

such contract, and never knew of the existence of the second deed until after the death of his wife,—that he had no knowledge of the surrender of the note.

Whether the vendor's lien was discharged and the deed accepted by Field in satisfaction of the $800 note, was a question of fact, to be determined by the court on the hearing, and the burden of proof rested on the defendant. Martin and wife and Field all appeared in court, and testified in person on the hearing, and the court, after hearing the witnesses testify, found in favor of complainant, and we are not prepared to say that the finding is against the weight of evidence. The lien was never released of record, which it probably would have been if the deed was made in discharge thereof. Mrs. Field seems to have been the principal actor in the transaction. She accepted the deed and paid for the recording. She surrendered the note to the Martins. The Martins testify this was all done with the knowledge and consent of Field, but this he denies. He admits that he knew of the first deed, but refused to accept it because it was not made to him. As to the other, he denies all knowledge of it. The delay of Field to make an effort to collect the note or enforce the lien may be urged as a circumstance against him; but this he explains by saying, that he did think of collecting the note at one time, but he knew the Martins were not able to pay it, and at the request of his wife he refrained from doing so.

It is manifest, from the record, that Field has never been paid for the property he sold Martin, and it should not be taken from him, unless the preponderance of the evidence clearly shows that he agreed to accept the deed in question in discharge of the lien reserved to secure the purchase price of the property. We do not think this record shows such a preponderance in favor of the defendants as would authorize a reversal of the decree.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*